Rel: June 27, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2024-2025

———————————————

## CR-18-0599

———————————————

## Brett Richard Yeiter

## v.

## State of Alabama

## Appeal from Escambia Circuit Court
## (CC-15-42)

On Return to Remand

MINOR, Judge.

In 2021, we reversed Brett Richard Yeiter's 2019 capital-murder conviction and death sentence, holding that the Escambia Circuit Court had erred in admitting over Yeiter's objection evidence during the guilt phase about Yeiter's prior convictions and incarceration and that the

admission of that evidence was not harmless error. <u>Yeiter v. State</u>, [Ms. CR-18-0599, Dec. 17, 2021] \_\_\_ So. 3d \_\_\_ (Ala. Crim. App. 2021). After the Alabama Supreme Court reversed this Court's judgment, <u>Yeiter v. State</u>, [Ms. SC-2022-0417, Sept. 2, 2022] \_\_\_ So. 3d \_\_\_ (Ala. 2022), we considered the remaining guilt-phase issues Yeiter had preserved for appellate review, finding no merit in them. <u>Yeiter v. State</u>, [Ms. CR-18-0599, June 28, 2024] \_\_\_ So. 3d \_\_\_ (Ala. Crim. App. 2024) (opinion on remand from the Alabama Supreme Court). But because Yeiter had been charged before the amendment to Alabama's capital-sentencing scheme making the jury's decision binding,[1] we held that the trial court had erred in treating the jury's 10-2 vote for a death sentence as binding rather than as a recommendation. We thus vacated the trial court's order sentencing Yeiter to death and remanded the matter for the trial court to apply the correct sentencing scheme and impose a new sentence. On remand, the trial court complied with our instructions and sentenced Yeiter to life without the possibility of parole.

Despite having the chance to do so, Yeiter did not file a brief on return to remand. <u>See</u> Rule 28A, Ala. R. App. P. We thus presume that,

---

[1]<u>See</u> Act No. 2017-131, Ala. Acts 2017.

based on his new sentence, Yeiter no longer challenges any part of the penalty phase.[2] Cf. Culver v. State, 583 So. 2d 1356, 1357 (Ala. Crim. App. 1991).

In its brief on return to remand, the State correctly notes that, because the trial court sentenced Yeiter to life without the possibility of parole, the plain-error issues Yeiter raised on initial submission are no longer reviewable.[3] See, e.g., Hicks v. State, 378 So. 3d 1071, 1130 (Ala. Crim. App. 2019) ("Plain-error review does not apply to convictions in which the death penalty has not been imposed."). Because no issues

---

[2]In our opinion on remand from the Alabama Supreme Court, the only penalty-phase issue we addressed besides holding that the judge has the final sentencing determination was whether the trial court had erred in not allowing Jewell Phillips ("Jewell")—who was married to the victim Paul Phillips ("Phillips") for more than 50 years—to testify at the penalty phase that, in her opinion, Phillips would not have wanted Yeiter sentenced to death. We held that "Alabama law prohibited Jewell's testimony about what punishment she thought Phillips would want Yeiter to receive. Thus, the trial court did not err in disallowing that testimony." ___ So. 3d at ___.

On remand, Yeiter called Jewell to testify at the sentencing hearing before the trial judge. Jewell testified without objection that, in her opinion, Phillips would not have wanted Yeiter sentenced to death.

[3]The issues Yeiter raised on appeal but did not raise in the trial court include these issues as designated in his brief on original submission: II.B, V, VIII, IX, XI, XIII, XIV, XV, XVI, XVII, XVIII, XIX, and XX.

remain for this Court to review, we now affirm the trial court's judgment of conviction and sentence.

AFFIRMED.

Windom, P.J., and Kellum, Cole, and Anderson, JJ., concur.